Lisa BERNSTEIN, an infant By her guardian ad litem, Susan BELDOCK, and Susan Beldock, individually, Plaintiffs, .

v.

Elias AIVAZIS and the Borough of Fort Lee, Defendants.

Civ. No. 82–114.*

United States District Court, D. New Jersey.

July 27, 1983.

Cohn & Lifland by James M. Docherty, Saddle Brook, N.J., for plaintiffs.

Clapp & Eisenberg by Kevin J. Jespersen, Newark, N.J., for defendants.

BIUNNO, Senior District Judge.

This suit arises out of the arrest of Lisa Bernstein, who was then a minor, for violating Fort Lee Ordinance 79–3–11.2(C). The pertinent part of the ordinance reads:

"No person shall loiter, lounge or sleep in or on any street, park or public place, or in any public building or any part thereof, or obstruct passage through or upon any public street, park or public place or any conveyance."

The deposition testimony relied on shows that Lisa and a group of others were seated on a flight of stairs in the George Washington Bridge Mall that provided public access from a public parking garage to the Mall. Officer Aivazis approached and instructed the group to leave, and all but three or four did. He repeated his request and the remaining ones left except for Lisa,

* Affirmed by Judgment Order dated May 7, 1984, CA–3, No. 83–5624.

who remained where she was, and he arrested her for violation of the quoted ordinance.

After being taken to headquarters she was released to her mother's custody. The charge was heard by a Juvenile and Domestic Relations court judge who, sua sponte, ruled that the ordinance was unconstitutional for vagueness in failing to define "loiter". He cited *Camarco v. City of Orange*, 61 N.J. 463, 295 A.2d 353 (1972), but *Camarco* upheld the constitutionality of an Orange ordinance as narrowly construed by the Appellate Division, noting that "in doing so it followed traditional judicial principles".

One of the approved narrow constructions was loitering "which obstructs the free passage of pedestrians or vehicles" after refusal to obey a police order to move on.

Aside from that, the Fort Lee ordinance provision proscribes loitering, or obstructing passage, in the alternative.

In any event, the court need not decide whether the ruling was correct or not; it was a predicate to the dismissal of the charge and that matter is closed.

However, federal jurisdiction here rests on the existence of a claim under 42 U.S.C. § 1983. There is no diversity.

It is sufficient here that there had been no ruling, at the time of arrest and charge, that the ordinance was unconstitutional. In fact, the decision in *Camarco* indicated that such ordinances were valid as narrowly construed, and the conduct involved fit the narrow construction.

■ The offense charged having been committed in the presence of the police officer, there was probable cause to arrest. See N.J.S.A. 40A:14–52; *Bd. of Ed. of Newark v. Newark Teachers etc.*, 114 N.J.Super. 306, 276 A.2d 175 (App.1971), cert. den. 58 N.J. 605, 279 A.2d 690 (1971), cert. den. 404 U.S. 950, 92 S.Ct. 275, 30 L.Ed.2d 267 (1971).

■ The existence of probable cause is a complete defense to a § 1983 claim even though the statute (or ordinance) under which the officer arrests is later declared unconstitutional. *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975); *Michigan v. De Fillippo*, 443 U.S. 31, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979).

■ It appeared at argument of the motion that Lisa's date of birth was January 18, 1964. At the time of argument she was an adult and so there was no longer any need to appear by guardian ad litem. The mother's separate claim is derivative of Lisa's and falls with it.

■ An order dismissing the complaint against the Borough was entered October 29, 1982. It is noted here that the § 1983 claim against it is grounded solely on respondeat superior, and thus could not stand, *Monell v. N.Y. City, etc.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

Since summary judgment will be granted as to all the federal claims, no jurisdiction remains, or if any remains the court in its discretion declines to exercise it, in respect to all the pendent state claims.