Joe REDNER, et al., Plaintiffs,

v.

CITRUS COUNTY, FLORIDA, et al., Defendants.

No. 88–50–Civ–Oc–12.

United States District Court,
M.D. Florida,
Ocala Division.

Feb. 13, 1989.

John W. MacKay, Tampa, Fla., for plaintiffs.

Andrew G. Pattillo, Jr., Russell W. La-Peer, Ocala, Fla., and Jennifer Parker La-Via, Tallahassee, Fla., for defendants.

## ORDER CONCERNING MOTIONS TO DISMISS AND TO ABSTAIN

MELTON, District Judge.

This cause is before the Court on the Motion to Dismiss Second Amended Complaint, filed herein by defendant Charles S. Dean ("Dean") on October 4, 1988, and the Motion to Abstain from Further Proceedings, filed herein by defendants Citrus County, Florida, Nick Bryant, Skip Hudson, Alex Griffin, and William F. Broska (collectively "Citrus County") on October 14, 1988. Plaintiffs filed a response in opposition to the motion to abstain on October 27, 1988, and a response in opposition to the motion to dismiss on November 1, 1988. Citrus County additionally submitted a Notice of Joinder in defendant Dean's Motion to Dismiss, filed herein on December 1, 1988. For the reasons stated herein, the motion to abstain will be denied and the motion to dismiss will be granted in part and denied in part.

Plaintiffs' Second Amended Complaint sets forth four counts. Count I challenges the constitutionality of two Citrus County Ordinances, 88–05 and 88–06, on the ground that they infringe on the free speech rights of plaintiffs to engage in and present nude dance entertainment, and seeks damages resulting from the enforcement of the ordinances. Count II is a pendent claim seeking a declaration that the enactment of the ordinances violates state law, and seeking damages deriving therefrom. Count III seeks a declaration that certain bond conditions placed on plaintiffs are unconstitutional and void, and seeks damages deriving therefrom. Count IV alleges a conspiracy in violation of 42 U.S.C. §§ 1983 and 1985(3) "to deprive plaintiffs of equal protection of the laws and of equal privileges and immunities under the laws" deriving from "an animus directed against citizens who engage in, or are members of the class that engages in,

nude dance or adult entertainment, and against those citizens who are not of the Christian religion or whose activities conflict with defendants' Christian beliefs." Second Amended Complaint, ¶¶ 79, 80.

On September 30, 1988, this Court entered an order denying plaintiffs' application for a preliminary injunction. Two aspects of that order are relevant to the current motions. The Court first determined that habeas corpus is the exclusive remedy for plaintiffs' challenge to the fact of their confinement by allegedly unconstitutional bond conditions. Order Denying Application for Preliminary Injunction, entered Sept. 30, 1988, at 5. The Court additionally determined that it would abstain from the direct intervention into pending state criminal proceedings that an injunction against enforcement of the bond conditions would entail. *Id.* at 5–6. The Court expressly distinguished the justiciability of the whole action from the particular problems raised in the application for preliminary injunction. *Id.* at 4 n. 5. Against this background, the Court turns to the present motions.

## MOTION TO ABSTAIN FURTHER

■ Citrus County's Motion to Abstain is rooted in the doctrine of abstention developed in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and its progeny. It is urged that the pending criminal proceedings in state court against plaintiffs, now on appeal, provide an adequate remedy at law for testing plaintiffs' claims of constitutional deprivation.

The reasons for abstaining that were present at the time of the preliminary injunction do not apply to the case at this stage. Moreover, "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 813, 96 S.Ct. 1236, 1244, 47 L.Ed. 2d 483 (1976). In *Houston v. Hill,* 482 U.S. 451, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987), the Supreme Court reiterated this principle and emphasized its force when a facial challenge is made to a statute on first

amendment free speech grounds. *Id.* at 468, 107 S.Ct. at 2513. Citrus County proposes to distinguish *Hill* on the ground that it involved so-called *Pullman* abstention, *see Railroad Comm'n v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), which is distinguishable from *Younger* abstention in that the latter implements the Anti–Injunction Act, 28 U.S.C. § 2283. This argument is unavailing. "The various types of abstention are not rigid pigeonholes into which federal courts must try to fit cases. Rather, they reflect a complex of considerations designed to soften the tensions inherent in a system that contemplates parallel judicial processes." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 n. 9, 107 S.Ct. 1519, 1526 n. 9, 95 L.Ed.2d 1 (1987). The opinion in *Younger* rests not on any peculiarity of the Anti–Injunction Act, but rather on the broader policy of "Our Federalism"—considerations of federal-state comity. *See* 401 U.S. at 43–49, 91 S.Ct. at 750–53. Accordingly, there is no basis to ignore the teachings of *Hill* and the Court should not abstain in this case.[1] The motion will be denied.

### MOTION TO DISMISS

Dean proposes an argument for his dismissal from, or dismissal of, each of the four counts in the Second Amended Complaint. Regarding Count I, Dean argues that no cause of action may be stated against him for enforcing a presumptively valid statute. Regarding Count II, Dean asserts that the failure to allege compliance with the notice requirements of Fla. Stat. § 768.28(6) compels its dismissal. Regarding Count III, Dean suggests the exclusive remedy for unconstitutional bond conditions is habeas corpus process, so no cause of action pursuant to § 1983 can be stated. Regarding Count IV, Dean challenges plaintiffs' ability to state a claim involving class-based animus protected by 42 U.S.C. § 1985(3).

■ Dean claims immunity from damages resulting from his role in plaintiffs' arrests. Dean maintains that the arrests took place pursuant to a presumptively valid statute and therefore the arrests are not the proper subject of a suit for damages. *Michigan v. DeFillippo*, 443 U.S. 31, 37–38, 99 S.Ct. 2627, 2632, 61 L.Ed.2d 343 (1979); *Bernstein v. Aivazis*, 584 F.Supp. 606, 607 (D.N.J.1983), *aff'd*, 740 F.2d 956 (3d Cir.1984). Plaintiffs argue for application of an exception in *DeFillippo*, the instance in which "a law [is] so grossly and flagrantly unconstitutional that any person of reasonable prudence would be bound to see its flaws." 443 U.S. at 38, 99 S.Ct. at 2632. The Court is of the opinion that the allegations of the Second Amended Complaint demand application of the rule, not its exception. Dean's alleged role in the enactment of the ordinance appears marginal and does not permit the inference of actual knowledge that the ordinance is defective. Moreover, although the Court finds that there are arguable bases for holding the Citrus County ordinances unconstitutional, there also are arguable bases for sustaining the validity of those regu-

---

**1.** Were the Court to consider traditional *Younger* principles, however, abstention would still be unwarranted. One of the three prerequisites to *Younger* abstention is that the state proceedings provide an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982). The state proceedings parallel to this case are not adequate to vindicate the constitutional claims raised herein. The criminal prosecutions are based on Citrus County Ordinance 88–05, not its successor, Ordinance 88–06. Although the ordinances are substantially alike, plaintiffs have broader grounds upon which to challenge Ordinance 88–05, grounds that may leave their claims against the successor ordinance unadjudicated. This distinguishes the state court proceedings from the present action because this Court considers the question of prospective relief from Ordinance 88–05 to be moot since the enactment of Ordinance 88–06. *See* Order Denying Application for Preliminary Injunction at 2. Moreover, appellate review within the state court system is discretionary beyond the circuit court level. *See* Fla.R.App.P. 9.030. Even if plaintiffs negotiated the state appellate process, United States Supreme Court jurisdiction no longer is mandatory in this case. *See* 28 U.S.C. § 1257(a) (as amended by Pub.L. 352, §§ 3, 7, 100th Cong., 2d Sess. (1988)); *Duquesne Light Co. v. Barasch*, —— U.S. ——, —— n. 1, 109 S.Ct. 609, 613 n. 1, 102 L.Ed.2d 646 (U.S. Jan. 11, 1989); Boskey & Gressman, *The Supreme Court Bids Farewell to Mandatory Appeals*, 121 F.R.D. 81 (1988).

lations. Consequently, persons of reasonable prudence would not be bound to see the law as grossly and flagrantly unconstitutional. This conclusion, however, does not warrant complete dismissal of Count I as to Dean. Rather, Dean is entitled to dismissal of the claims for damages, but he must remain a party subject to injunctive and declaratory relief should plaintiffs prevail on the merits.

■ Dean and Citrus County seek dismissal of Count II for failure to allege compliance with the notice requirements of Fla.Stat. § 768.28(6). Count II is a pendent cause of action based in Florida law. Florida courts strictly apply § 768.28(6) as a condition precedent to maintaining a cause of action against a political subdivision of the state. *E.g., Jozwiak v. Leonard*, 513 So.2d 666, 667 (Fla.1987). Application of the *Erie* doctrine, *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), demands that state notice of claim provisions be respected in the exercise of this Court's pendent jurisdiction. *Felder v. Casey*, — U.S. —, 108 S.Ct. 2302, 2313, 101 L.Ed.2d 123 (1988). Consequently Dean's motion to dismiss will be granted as to Count II. However, under Florida precedent, failure to plead the presuit notice requirement should result in dismissal without prejudice and with leave to amend. *Commercial Carrier Corp. v. Indian River County*, 371 So.2d 1010, 1023 (Fla.1979); *Lee v. South Broward Hosp. Dist.*, 473 So.2d 1322, 1324 (Fla.Dist.Ct.App.1985). The Court's ruling will be consistent with this policy.

■ Dean suggests that the bond conditions that are the subject of Count III may be challenged only through writ of habeas corpus. The Court already has accepted this argument in its rationale for refusing to preliminarily enjoin enforcement of the bond conditions. *See* Order Denying Application for Preliminary Injunction, at 4–5. The Court reaffirms its conclusion reached then and will grant the motion to dismiss as to Count III.

Dean's argument in support of dismissing Count IV focuses on the requirement of class-based animus to state a cause of action under § 1985(3). As stated in *Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971), the statute requires that a conspiracy to deprive plaintiffs of their civil rights be based on "some racial or perhaps otherwise class-based, invidiously discriminatory animus." *Id.* at 102, 91 S.Ct. at 1798. In subsequent consideration of this requirement, the Supreme Court warned, "it is a close question whether § 1985(3) was intended to reach any class-based animus other than animus against Negroes and those who championed their cause, most notably Republicans." *United Bhd. of Carpenters v. Scott*, 463 U.S. 825, 836, 103 S.Ct. 3352, 3360, 77 L.Ed.2d 1049 (1983); *see also Saint Francis College v. Al-Khazraji*, 481 U.S. 604, 107 S.Ct. 2022, 2026–28, 95 L.Ed.2d 582 (1987) (racial animus under civil rights statutes encompasses ancestry or ethnic characteristics); *but see Grimes v. Smith*, 776 F.2d 1359, 1366 (7th Cir.1985) (§ 1985(3) does not reach conspiracies absent racial animus); *Brown v. Reardon*, 770 F.2d 896, 905–07 (10th Cir. 1985) (same); *Harrison v. KVAT Food Mgmt., Inc.*, 766 F.2d 155, 160–62 (4th Cir. 1985) (Republicans are not protected class under § 1985(3)).

Plaintiffs do not allege that defendants are motivated either by plaintiffs' race or Republican politics. Rather, plaintiffs' allegations isolate three potential classes: (1) practitioners of nude dance or adult entertainment; (2) non-Christians; (3) persons whose activities conflict with Christian beliefs. The first and third proposed classes are insufficient as a matter of law; the allegations of the Second Amended Complaint cannot support a claim based upon the second proposed class.

■ The first proposed class, practitioners of nude dance or adult entertainment, is not composed of members who are joined together by the kind of immutable characteristics that *Griffin* and *Scott* contemplate. The group of nude dancers (or adult entertainers) is at best an association of persons holding a common vocation. Membership in the group is voluntary and, in relative terms, transitory. It bears a similarity to the class to which the *Scott* Court

refused to extend protection, that is, those persons harmed by "conspiracies motivated by bias towards others on account of their economic views, status, or activities." 463 U.S. at 837, 103 S.Ct. at 3361.

To the extent that plaintiffs describe themselves as a class joined by a belief associated with the practice of nude dance or adult entertainment, two flaws in the legal basis for the proposed class become apparent. First, nude dance lacks an identifiable communicative element by which a class could be developed. Dancing is the expression protected by the first amendment while nudity is conduct that traditionally is subject to governmental regulation. *International Food & Beverage Sys. v. Fort Lauderdale*, 794 F.2d 1520, 1525 (11th Cir.1986); *W.D.C., Inc. v. Jacksonville*, Case No. 88–32–Civ–J–12, Order Denying Application for Preliminary Injunction, at 8 (M.D.Fla. Feb. 12, 1988). A class of nude dance practitioners thus would be underinclusive if otherwise adequate. The second flaw, though, forecloses the adequacy of a class based on shared beliefs. While shared beliefs in the form of religious affiliation, where "a bona fide religion has been accepted by several courts for various purposes," *Colombrito v. Kelly*, 764 F.2d 122, 130 (2d Cir.1985), have received protection under § 1985(3), a class consisting of persons who have only a narrow range of beliefs in common cannot seek shelter under that statute. They are "an unidentifiable number of otherwise unassociated persons who hold a certain viewpoint on one specific issue; it is clearly not a political class. It therefore cannot be the basis for the animus required here." *Mahoney v. National Org. for Women*, 681 F.Supp. 129, 135 (D.Conn.1987). The proposed class of nude dance practitioners would require revival of the long-discarded "intellectual nexus" test, abandoned because its "vague, amorphous, and boundless" nature delimited the scope of § 1985(3) to the point that it would have permitted an action by

"[a] member of a group of disco dancers, or vegetarians, or backgammon players, who sued alleging that he or she had been impeded in the pursuit of his or her endeavor because of the advocacy or practice thereof...." *Carchman v. Korman Corp.*, 456 F.Supp. 730, 736–37 (E.D.Pa.1978), *aff'd*, 594 F.2d 354 (3d Cir.), *cert. denied*, 444 U.S. 898, 100 S.Ct. 205, 62 L.Ed.2d 133 (1979). This kind of expansion of § 1985(3) plainly violates the teachings of *Scott* and accordingly the Court rejects the proposed class.

■ The second proposed class, non-Christians, might qualify from a legal standpoint, *see, e.g., St. Agnes Hosp. v. Riddick*, 668 F.Supp. 478, 482–83 (D.Md. 1987), but the allegations of the Second Amended Complaint do not support the claim of animus against this class. There is no allegation that plaintiffs are not Christians. Further, the allegations of animus against nude dancing do not differentiate between Christian and non-Christian nude dancers. The Court finds no basis to reasonably infer that Citrus County prefers Christian nude dancing but disapproves of all other kinds.[2] The ordinances are facially neutral, an additional suggestion that a dichotomy between Christians and non-Christians is not at issue.

■ The third proposed class, persons whose activities conflict with Christian beliefs, fails as a matter of law not only for the reasons expressed regarding the first proposed class, but an additional reason as well. The third proposed class defines the target of discriminatory animus not by who they are, but by who they are not.

The class test is turned on its head, however, if a class is defined as all those who are not of the same class as the conspirators, for example, all those who do not believe in a specific religious faith or political party—or all those who do not

---

**2.** While it may seem odd to draw this distinction, the Court is aware of one self-professed "Stripper for Christ," Kellie Everts, whose recent appearance on *The Morton Downey Show* generated significant publicity. *See, e.g.*, L.A. Times, Nov. 16, 1988, pt. 6, at 2, col. 1; N.Y. Newsday, Nov. 16, 1988, at 22. For a more detailed background piece on Ms. Everts mixture of nude dance with religion, see Bachrach, *The Spirit Moves Her: Kellie Everts Dances to Save Souls*, Wash. Post, June 16, 1978, sec. D, at 1.

have a religiously based opposition to abortion.

*Roe v. Abortion Abolition Soc.*, 811 F.2d 931, 935 (5th Cir.), *cert. denied,* — U.S. ——, 108 S.Ct. 145, 98 L.Ed.2d 101 (1987); *see also Barr v. National Right to Life Comm., Inc.,* Case No. 79–420–Orl–Civ–Y, slip op. at 18–19, 1981 WL 2143 (M.D.Fla. July 27, 1981) (Kellam, J.), *appeal dism'd,* No. 81–5881 (11th Cir.1981). Plaintiffs' third proposed class suffers the same flaw as recent attempts to define as a class "persons who do not share defendants' religious beliefs about abortion." *See id.* The problem with this definition has been astutely analyzed by the Fifth Circuit:

> Logic may define as two separate classes "we"—all those who share a certain belief—and "they"—all those who do not hold that tenet—, but § 1985(3) is aimed at an animus against those who have the despised trait.... [T]he plaintiffs define themselves only as "persons who do not share defendants' religious beliefs about abortion," which is no more a common trait or characteristic than would be a belief in using seat belts or in an ever-expanding universe.

*Id.* In a similar vein, Judge Kellam predicted:

> If like groups were afforded the protection of § 1985(3), the coverage of the provision could rightfully be "extended to every class which the artful pleader [could] contrive," and quite certainly far afield of the scope of protection which the enactors of § 1985(3) could have envisioned.

*Barr,* slip op. at 19 (quoting *McLellan v. Mississippi Power & Light Co.,* 545 F.2d 919, 928 (5th Cir.1977)). The Court agrees with and adopts the rationale expressed by *Roe* and *Barr.* By application of this rationale to plaintiffs' proposed class, the Court finds that a class composed of persons whose activities conflict with Christian beliefs is not protected under § 1985(3).

Having concluded that the allegations of the Second Amended Complaint cannot support the class-based animus requirement of § 1985(3), the Court will grant the motion to dismiss Count IV.[3] In accordance with this ruling and the foregoing rulings on the motions, it is

ORDERED AND ADJUDGED:

1. That the motion to abstain further by defendants Citrus County et al. is hereby denied;

2. That the motion to dismiss by defendant Charles S. Dean, joined in part by defendants Citrus County *et al.,* is hereby granted in part and denied in part as set forth herein;

3. That Count I is hereby dismissed as to defendant Dean with regard to damages only;

4. That Count II is hereby dismissed without prejudice and with leave to amend in order to allege compliance with Fla.Stat. § 768.28(6), provided such amendment is filed with the Court within thirty (30) days of the date of this order; and

5. That Counts III and IV are hereby dismissed in their entirety.

DONE AND ORDERED.

---

3. The Court's disposition of the class-based animus element of § 1985(3) removes any need to address the other elements of a cause of action pursuant to that statute. However, it deserves mention that it seems questionable that a cause of action exists to redress a conspiracy that had as its object the enactment of an ordinance through democratic channels. *Cf. Reichenberger v. Pritchard,* 660 F.2d 280, 288–89 (7th Cir. 1981) (citizen's exercise of first amendment right to petition for revocation of liquor license at nude dance bar absolutely protected against damage suit under § 1985(3)).