Linda M. BOCZAR, M.D., and Obstetrics/Gynecology Womens [sic] Group, Inc., a Florida Corporation, Plaintiffs,

v.

MANATEE HOSPITALS & HEALTH SYSTEMS, INC., a Florida corporation, d/b/a Manatee Memorial Hospital, Baptist Hospitals and Health Systems, Inc., an Arizona corporation, Richard Kaleba, Raymond L. Raitz, M.D., Donna McDonald, James N. Ganey, M.D., James Derespino, M.D., and other unknown co-conspirators, Defendants.

No. 88–1867–CIV–T–17B.

United States District Court,
M.D. Florida,
Tampa Division.

Feb. 21, 1990.

James J. Boczar, Sarasota, Fla., for plaintiffs.

Richard R. Garland, Dickinson, O'Riorden, Gibbons, Quale, Shields & Carlton, P.A., Sarasota, Fla., for defendants.

## ORDER ON DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE

KOVACHEVICH, District Judge.

This cause is before the Court on Defendants' motion to dismiss and motion to strike filed May 3, 1989. Responses thereto were filed May 24, 1989.

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1947).

The amended complaint contains the following counts: 1) violation of 42 U.S.C. 1983, 2) violation of § 1 of the Sherman Antitrust Act, 3) violation of § 2 of the Sherman Antitrust Act, 4) violation of the Racketeer Influenced Corrupt Organization Act, 5) sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 6) violation of § 542.18 of Florida's Antitrust Act, 7) violation of § 542.19 of Florida's Antitrust Law, 8) violation of Florida Statute Section 772.104, 9) violation of Florida Statute Section 772.11, 10) tortious interference with a business relationship, and 11) breach of contract.

Defendants move to dismiss Counts 1, 2, 3, 4, and 5 for failure to state a claim and to dismiss the remaining pendant state law claims for lack of federal court jurisdiction. Defendants further assert the entire Complaint fails to state a claim since suits against a hospital, its peer review panel, medical staff, employees and witnesses arising out of medical peer review are precluded by the peer review immunity provisions of Florida Statutes § 766.101 and Chapter 395 (1989) and the Federal Health Care Quality Improvement Act of 1986, 42 U.S.C. § 11111–11152, absent an allegation of fraud.

## COUNT I

### VIOLATION OF 42 U.S.C. 1983

■ Section 1983 grants an individual a private cause of action when his federal rights are infringed by state statute, state officials, or persons acting under color of state law. A Defendant's alleged infringement of federal rights must be "fairly attributable to the state." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 2753, 73 L.Ed.2d 482 (1982). "[A] sufficiently close nexus (must exist) between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." *Blum v. Yaretsky*, 457 U.S. 991, 1004, 102 S.Ct. 2777, 2785, 73 L.Ed.2d 534 (1982).

This standard insures the state is "responsible for the *specific* conduct [constituting the alleged infringement]." *Id.* 102. S.Ct. at 2786 (emphasis added). State regulation, substantial state funding, or a contractual relationship with a state government do not provide a sufficient nexus for state action. *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 350, 95 S.Ct. 449, 453, 42 L.Ed.2d 477 (1975); *Rendell–Baker v. Kohn*, 457 U.S. 830, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982); *Blum*, 457 U.S. 991, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982); *Crowder v. Conlan*, 740 F.2d 447, 451 (6th Cir.1984); *Seng v. Cibola General Hospital*, 706 F.2d 306 (10th Cir.1983). The state must exercise such "coercive power" or "[provide] such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the [s]tate." *Id.* 457 U.S. at 1004, 102 S.Ct. at 2785.

■ Though Defendants are private parties, Plaintiffs assert that Defendants acted under color of state law because the alleged infringement of federal rights, the decision to suspend Plaintiffs' hospital privileges, arose out of a statutorily mandated medical peer review. Plaintiffs' state action allegations also claim that Defendants acted under color of state law because defendant hospital, a privately owned non-profit organization, receives the majority of its revenue from state and federal funds and contracts with the county to provide medical services for the indigent.

Plaintiffs do not allege that the state coerced or significantly encouraged Defendants' decision to summarily suspend Plaintiffs' hospital privileges. The complaint shows the decision made by the medical peer review committee was made by private parties, was not based on medical standards established by the state, nor dictated by a state regulatory rule. Nor did the complaint show that the state is involved in the daily operation of the hospital. Therefore, the Court finds that state regulation of Manatee Hospital through statutorily required peer medical review, receipt by Manatee Hospital of state funds, and Manatee Hospital's contract with the county to provide indigent care do not create a sufficient nexus between the Defendants' decision to suspend the Plaintiffs' hospital privileges and the state to constitute state action for purposes of 1983 liability.

## COUNTS II and III

### VIOLATION OF THE SHERMAN ANTITRUST ACT

#### *Standard for Antitrust Pleadings*

■ To satisfy the requirements of notice pleading in an antitrust complaint, "enough data must be pleaded so that each element of the alleged antitrust violation can be properly identified." *Quality Foods v. Latin American Agribusiness Development Corp.*, 711 F.2d 989, 995 (11th Cir.1983). "Conclusory allegations that [D]efendant violated the antitrust laws and [P]laintiff was injured thereby will not survive a motion to dismiss if not supported by facts constituting a legitimate claim for relief." *Id.; Lombard's Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir.1985).

#### *Section 1 Claim*

■ The purpose of the Sherman Antitrust Act is to protect competition, not individual competitors. *Brown Shoe Co. v. United States*, 370 U.S. 294, 320, 82 S.Ct. 1502, 1521, 8 L.Ed.2d 510 (1962)). The ele-

ments of a § 1 claim under the Sherman Act are 1) a conspiracy exists between two or more entities and 2) the conspiracy unreasonably restrains trade. *Aviation Spec., Inc. v. United Technologies Corp.,* 568 F.2d 1186, 1191 (5th Cir.1978).

Two different methods of analyses are used to determine whether conduct violates the second element: the rule of reason and the *per se* rule. *Goss v. Memorial Hosp. System,* 789 F.2d 353, 354 (5th Cir. 1986). If the suspect conduct constitutes *per se* an unreasonable restraint on trade, element 2 is satisfied. Otherwise, the rule of reason analysis is used. *Id.* In this case, since Defendants' conduct, summary suspension of Plaintiff's hospital privileges, is not *per se* an unreasonable restraint of trade, the rule of reason analysis applies.

Using the rule of reason analysis, Plaintiffs must allege that Defendants' conduct had an "impact upon competition in his particular ... profession, and not just upon [his] business." *Feldman v. Jackson Memorial Hospital,* 571 F.Supp. 1000, 1008 (S.D.Fla.1983, *affirmed,* 752 F.2d 647 (11th Cir.1983)). A plaintiff fails "to state a section 1 offense by failing to allege 'that the alleged restraint on trade tends or is reasonably calculated to prejudice the public interest.'" *Quality Foods v. Latin Am. Agribusiness Devel.,* 711 F.2d 989 (11th Cir.1983) (*quoting Larry R. George Sales Co. v. Cool Attic Corp.,* 587 F.2d 266, 273 (5th Cir.1979)).

Plaintiffs allege damage to their business, property, and ability to compete in Manatee County. Plaintiffs also allege that prior to their final suspensions they voluntarily discontinued delivering patients at Manatee Memorial Hospital because of a purported inability of the hospital to provide timely anesthesia services. The Complaint further states that Dr. Boczar resigned from the hospital before her privileges were suspended for the second time.

The Court finds Plaintiffs' complaint deficient for failure to allege an injury to competition within the relevant medical market caused by the Defendants' conduct, the summary suspensions. Further, since

Plaintiffs had voluntarily stopped admitting patients to Manatee Hospital prior to being suspended, the complaint does not demonstrate an injury to competition inflicted by Plaintiffs' summary suspensions. Therefore, Plaintiffs' conclusory allegation of a conspiracy to drive them out of the Manatee market will not survive a motion to dismiss since it is not supported by facts constituting a legitimate claim for relief.

### Section 2 Claim

In a conspiracy to monopolize claim under § 2 of the Sherman Act, the plaintiff must allege 1) an agreement or understanding between two or more economic entities, 2) a specific intent to monopolize, and 3) overt acts in furtherance of the alleged conspiracy. *Feldman,* 571 F.Supp. at 1011 (*citing Robinson v. Magovern,* 521 F.Supp. 842, 892 (W.D.Pa.1981)). A monopoly is "the power to control prices or exclude competition." *Feldman,* 571 F.Supp. at 1010 (*citing United States v. E.I. Dupont de Nemours & Co.,* 351 U.S. 377, 76 S.Ct. 994, 100 L.Ed. 1264 (1965)). A plaintiff must define the relevant product and geographic market the alleged conspiracy to monopolize attempted to control. *Id.* The relevant geographic market is the area in which the defendant competes with other like businesses. *Feldman,* 571 F.Supp. at 1010 (*citing Morton Buildings of Nebraska, Inc. v. Morton Buildings, Inc.,* 531 F.2d 910 (8th Cir.1976)).

Plaintiffs' complaint is contradictory. Plaintiffs allege that Manatee Hospital provided the only obstetrical beds in Manatee County at the time Plaintiffs' hospital privileges were suspended. Assuming the relevant product is obstetrical beds, Plaintiffs' allegation does not demonstrate an actual monopoly since Plaintiffs affirmatively allege they were taking patients to Sarasota Hospital for delivery and Plaintiffs' complaint repeatedly refers to competition or fear of competition between Sarasota Hospital and Manatee Hospital. Therefore, Plaintiffs' complaint demonstrates that Manatee Hospital does not actually monopolize the relevant geographic market. Plaintiffs do not allege what por-

tion of the market Manatee Hospital occupies.

■ Alternatively, assuming that the relevant product is obstetrical services, Manatee Hospital is not the Plaintiffs' competitor since the hospital does not perform obstetrical services. Also, since the allegations show that none of the defendant doctors practice obstetrics, they are incapable of monopolizing the obstetrical market or conspiring with the hospital to monopolize the obstetrical market since they too are not competitors within the market. *See Feldman,* 571 F.Supp. at 1010. Because Plaintiffs' do not allege the product or geographic market, the Court finds Plaintiffs' complaint does not give adequate notice to Defendants of the claim against them in accordance with Fed.R.Civ.P. 8(a)(2).

Since Plaintiffs' complaint does not state a claim under the Sherman Antitrust Act, this Court need not address whether participants in medical review committees are immune from federal antitrust suits due to the state action exemption.

## COUNT IV

### VIOLATION OF THE RACKETEER INFLUENCED CORRUPT ORGANIZATION ACT

The United States Supreme Court has defined compensable injury under 18 U.S.C. § 1964(c) to be the harm caused by the predicate acts. "[A] plaintiff has standing to sue only 'to the extent that, he has been injured ... by the conduct constituting the violation.'" *Morast v. Lance,* 807 F.2d 926, 933 (11th Cir.1987) (*quoting Sedima,* 473 U.S. at 479, 105 S.Ct. at 3279). "Any recoverable damages ... will flow from the commission of the predicate acts." *Sedima,* 473 U.S. at 479, 105 S.Ct. at 3279.

A claim of civil RICO under 18 U.S.C. § 1964(c) necessarily alleges a violation of § 1962. *Sedima S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 495, 105 S.Ct. 3275, 3284, 87 L.Ed.2d 346 (1985); *Outlet Communications v. King World Productions,* 685 F.Supp. 1570 (M.D.Fla.1988). "Section 1962 ... makes it unlawful for 'any person' ... to use money derived from a pattern of

racketeering activity to ... conduct an enterprise through a pattern of racketeering activity." *Sedima,* 473 U.S. at 495, 105 S.Ct. at 3284. The existence of an enterprise, defined in § 1961(4), must be alleged and proved. *United States v. Turkette,* 452 U.S. 576, 583, 101 S.Ct. 2524, 2528, 69 L.Ed.2d 246 (1981); *Outlet,* 685 F.Supp. at 1579.

■ A "pattern of racketeering" is defined as "at least two acts of racketeering activity" occurring within a specified time. *Outlet,* 685 F.Supp. at 1580. "The target of [RICO] is thus not sporadic activity. The infiltration of legitimate business normally requires more than one 'racketeering activity' and the threat of continuing activity to be effective. It is this factor of continuity plus relationship which combines to produce a pattern." *Sedima,* 473 U.S. at 496 n. 14, 105 S.Ct. at 3285 n. 14. In the Eleventh Circuit, Plaintiff must "allege definitively an enterprise as well as to state a 'threat of continuing activity' necessary to allege a pattern of racketeering activity...." *Outlet,* 685 F.Supp. at 1581.

■ Plaintiffs allege injury to reputation and loss of business due to their summary suspensions but do not allege any facts demonstrating injury flowing from the commission of the predicate acts, mail fraud and extortion. Therefore, Plaintiffs' allegations are not sufficient to confer standing under Rico.

Further, Plaintiffs have not alleged facts demonstrating a threat of continuing mail fraud and extortion necessary to constitute a pattern of racketeering activity. Finally, Plaintiffs have not definitively alleged an enterprise. Therefore, the Court finds Plaintiffs' complaint does not state a claim for relief under 18 U.S.C. § 1964(c).

## COUNT V

### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

The purpose of Title VII is "to achieve equality of employment opportunities" and "to provide equal access to job markets for both men and women." *Sibley Memorial*

*Hospital v. Wilson,* 488 F.2d 1338 (D.C.Cir. 1973) (*quoting Griggs v. Duke Power Co.,* 401 U.S. 424, 426, 91 S.Ct. 849, 851, 28 L.Ed.2d 158 (1971)). Claims for relief under Title VII must allege either a hostile work environment or constructive discharge caused by sex discrimination.

In order to establish a hostile work environment claim under Title VII, a plaintiff must plead the following elements: 1) the employee belongs to a protected group, 2) the employee was subject to unwelcome sexual harassment, 3) the harassment complained of was based upon sex, 4) the harassment complained of affected a "term, condition, or privilege of employment", and 5) respondeat superior. To establish a constructive discharge claim, except for the fourth element, the complaint is the same. The fourth element is satisfied by showing that the employee's reaction to harassment affected tangible aspects of the employee's compensation, terms, conditions, or privileges of employment. *Henson v. City of Dundee,* 682 F.2d 897 (11th Cir.1982). An individual need not be an "employee" as defined in § 2000e-2(a)(1) to bring a claim under Title VII since the purpose of the act was to protect employment opportunities. *Id.; Doe on behalf of Doe v. St. Joseph Hospital,* 788 F.2d 411 (7th Cir.1986).

Dr. Boczar alleges that Dr. Derespino has a history of harassing women and Manatee Hospital employs no other female obstetrician/gynecologist. Although Dr. Boczar did not receive her privileges immediately, she affirmatively alleges that this was due to an attempt to prevent competition. Further, Dr. Boczar alleges that she resigned because of her dissatisfaction with medical care provided at Manatee Hospital. Therefore, since Dr. Boczar did not allege facts to show a hostile work environment or that her resignation was due to a hostile work environment, the Court finds that Plaintiffs' complaint does not state a claim for relief under Title VII.

Plaintiffs' pendant state claims are dismissed for lack of jurisdiction. Defendants' motion to strike is now moot.

ORDERED that the motion to dismiss of Defendants Manatee Hospitals & Health Systems, et al., be GRANTED in accordance with the preceding paragraphs. Plaintiffs shall file an amended complaint within fifteen (15) days of the date of this Order. If no amended complaint is filed within that time, the Clerk of District Court shall enter a final judgment of dismissal. It is further

ORDERED that Plaintiffs' pendant state claims are dismissed for lack of jurisdiction, and Defendants' motion to strike is denied as moot.

DONE AND ORDERED.