Melinda E. FLETCHER, et al., Plaintiffs,

v.

STATE OF FLORIDA, et al., Defendants.

No. 93–1682–CIV–T–17A.

United States District Court,
M.D. Florida,
Tampa Division.

July 1, 1994.

Eddie Joe Finke, Clearwater, FL, for plaintiff.

Arthur C. Wallberg, Atty. General's Office, Dept. of Legal Affairs, Tallahassee, FL, Albert M. Guemmer, Carson, Guemmer & Nicholson, Tampa, FL, Robert J. Lancaster, Bradham & Bennett, P.A., St. Petersburg, FL, David G. Henry, Santos & Dutton, P.A., Tampa, FL, for defendants.

Sidney Fletcher, pro se.

Deedre Case Fletcher, pro se.

Lori Fletcher, pro se.

Woodley Fletcher, pro se.

### ORDER ON DEFENDANTS' MOTIONS TO DISMISS

KOVACHEVICH, District Judge.

This cause is before the Court on multiple motions to dismiss, or for more definite statements filed by the defendants (Docket No.'s 6–8, 17–19, and 24). Plaintiffs filed this action seeking damages for violation of civil rights under 42 U.S.C. § 1983 and § 1985; violation of due process under the United States Constitution, Amendment XIV; violation of rights under the Indian Child Welfare Act, 25 U.S.C. §§ 1901–1923; and a state law claim of personal injury. The plaintiffs are also seeking injunctive relief for racial discrimination.

Defendants move to dismiss all counts for failure to file the cause within the statute of limitations and failure to state a claim upon which relief can be granted.

A complaint should not be dismissed for failure to state a claim unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts that would entitle him or her to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

### Statute of Limitations

The defendants maintain that the causes of action in this case accrued on or before September 10, 1989. At such time, a state court issued an order removing the minor plaintiffs from their mother, also a plaintiff, and into the care of other family members and in the care custody and control of Florida Health and Rehabilitative Services (hereafter HRS). The complaint was filed on September 23, 1993.

Florida's four (4) year statute of limitations, for action founded upon negligence, applies to causes of action under § 1983. *Grace v. Wainwright*, 761 F.Supp. 1520, 1526 (M.D.Fla.1991). Under federal law, the time of accrual is when the plaintiff knows or has reason to know of the injury which is the basis of the action. *New Port Largo, Inc. v. Monroe County*, 706 F.Supp. 1507, 1515 (S.D.Fla.1988). Under the "continuing wrong" tolling doctrine, the cause of action accrues at the time of the final act in a series of events or course of conduct. *New Port Largo*, at 1515. If the defendants' activities constitute a continuing or additional violation of the law then the continuing wrong doctrine applies. *New Port Largo*, at 1516.

The "continuing wrong" doctrine is based on the defendants' alleged continuing wrongful activities. In viewing the present case in the light most favorable to the plaintiffs, the defendants continuously kept the two minor plaintiffs separated from each other and their mother until Ryan M. Hallberg was returned to his mother on February 19, 1990, and Brandon W. Fletcher was returned to his mother on April 15, 1992. Thus the statute of limitations in this case accrues at the time of the defendants' final act and the statute of limitations had not yet lapsed at the time this case was filed.

### Violation of 42 U.S.C. § 1983

The two primary issues in a § 1983 action are: (1) whether the defendants violated the plaintiffs' constitutional rights, and (2) whether such violation was under color of state law. *Dykes v. Hoseman*, 743 F.2d 1488 (1984).

Section 1983 grants an individual a private cause of action when his federal rights are infringed by state statute, state officials, or person's acting under color of state law. A defendant's alleged infringement of federal rights must be "fairly attributable to the state." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 2753, 73 L.Ed.2d 482 (1982). "[A] sufficiently close nexus (must exist) between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself." *Blum v. Yaretsky*, 457 U.S. 991, 1004, 102 S.Ct. 2777, 2785, 73 L.Ed.2d 534 (1982). State regulation, substantial state funding, or a contractual relationship with a state government do not provide a sufficient nexus for state action. *Boczar v. Manatee Hospitals & Health Systems, Inc.*, 731 F.Supp. 1042 (M.D.Fla.1990). The state must exercise such "coercive power" or "[provide] such significant encouragement either overt or covert, that the choice must in law be deemed to be that of the [s]tate." *Boczar*, at 1045 (quoting *Blum v. Yaretsky*, 457 U.S. at 1004, 102 S.Ct. at 2785).

Defendant Douglas Bonar is an employee of defendant Suncoast Child Protection Team and defendants Susan Adjar and Pat Wilson are employees of Coordinated Child Care Therapeutic Day Care. Both organizations are private parties which have contracted with or assisted Florida HRS. Actions of private parties under contract with a state agency do not provide a sufficient nexus for state action. Plaintiffs do not allege that the state coerced or significantly encouraged these private parties to separate the plaintiffs from each other, only that these and other defendants engaged in activities to show plaintiff Melinda Fletcher in a bad light. Therefore, Defendants Suncoast Child Protection Team, Coordinated Child Care, Bonar, Adjar and Wilson will be dismissed.

Defendants Sidney Fletcher, Deedre Fletcher, Lori Fletcher and Woodley Fletcher are all private citizens and are dismissed.

### Immunity

"Absent a legitimate abrogation of immunity by Congress or a waiver of

immunity by the state being sued, the Eleventh Amendment is an absolute bar to suit by an individual against a state or its agencies in Federal Court." *Gamble v. Florida Dept. of Health & Rehab. Services,* 779 F.2d 1509 (11th Cir.1986); *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Section 1983 itself has been held not to be a Congressional abrogation of the states' immunity from damage suits. *Gamble,* 779 F.2d at 1512. The state is not a person under 42 U.S.C. § 1983. *Will v. Michigan Department of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). A waiver of Eleventh Amendment immunity by the state is found only when stated "by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction." *Florida Department of Health and Rehabilitative Services v. Florida Nursing Home Association,* 450 U.S. 147, 101 S.Ct. 1032, 67 L.Ed.2d 132 (1981) (quoting *Murray v. Wilson Distilling Co.,* 213 U.S. 151, 171, 29 S.Ct. 458, 464, 53 L.Ed. 742 (1909)). The State of Florida's general waiver of sovereign immunity for the Department of Health and Rehabilitative Services does not constitute a waiver by the state of its constitutional immunity under the Eleventh Amendment for suit in federal court. *Florida Department of Health and Rehabilitative Services,* 450 U.S. 147, 149, 101 S.Ct. 1032, 1034. Thus the State of Florida and Florida Department of Health and Rehabilitative Services have constitutional immunity from suit in federal court under the Eleventh Amendment.

The Court would note at this juncture that the plaintiffs' neglect to Shepardize and, thus, their misstatements of the law in their response to defendants State of Florida and Florida Department of Health and Rehabilitative Services' motion to dismiss and supplemental memorandum of law filed by the named HRS employees, State of Florida and State of Florida HRS. The plaintiffs cite *Parden v. Terminal Railway of the Alabama State Docks Department,* 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964) which has been overruled by *Welch v. Texas Department of Highways & Public Transportation,* 483 U.S. 468, 107 S.Ct. 2941, 97 L.Ed.2d 389 (1987), to the extent the *Parden* ruling is inconsistent with the requirement that an abrogation of Eleventh Amendment immunity by Congress must be expressed in unmistakably clear language. The plaintiffs also cite *Artist v. Johnson,* 917 F.2d 980 (7th Cir.1990), which has been reversed by *Suter v. Artist,* —— U.S. ——, 112 S.Ct. 1360, 118 L.Ed.2d 1 (1992). The plaintiff should guard against future research failures.

"Once a complaint against a defendant state legislator, judge, or prosecutor (or similar officer) adequately raises the likely issue of immunity—qualified or absolute—the district court should on its own require of the plaintiff a detailed complaint alleging with particularity all material facts on which he contends he will establish his right to recovery, which will include detailed facts supporting the contention that the plea of immunity cannot be sustained." *Elliott v. Perez,* 751 F.2d 1472, 1482 (5th Cir.1985). The defendants HRS employees raise a defense of absolute or qualified immunity and ask for a more definite statement which is granted.

### Violation of 42 U.S.C. § 1985

The plaintiffs have failed to indicate in their complaint which subsection of § 1985 they are relying on as the foundation of their cause of action. In analysis of the statute the Court reaches the conclusion that subsection three (3) of § 1985, which prohibits conspiracies to deny any person or class of person's equal protection of the law would likely be the section that plaintiffs intended to rely on for the foundation of their action. Any § 1985 subsection three claim must establish "some racial or perhaps otherwise class-based, invidiously discriminatory animus" behind the conspirator's actions to deprive plaintiff's of their civil rights. *Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); *Redner v. Citrus County, Fla.,* 710 F.Supp. 318 (M.D.Fla. 1989).

These plaintiffs have failed to allege any race or class-based animus as a foundation for their § 1985 cause of action in their complaint. The plaintiffs' only allege that the "defendants did negligently, willfully and illegally engage in activities and actions" to

conspire to deny plaintiffs the "fundamental right of family." The § 1985 cause of action is thus dismissed for failure to state a cause of action because the plaintiffs do not assert any race or class basis as the foundation for the cause of action.

Violation of 25 U.S.C. §§ 1901–1923

■ The plaintiffs assert claims for monetary damages under the Indian Child Welfare Act (hereafter ICWA). The ICWA does not provide for a cause of action for money damages. The only relief that can be provided is declaratory relief under the Act.

■ If an Indian child is removed improperly from the custody of his or her parent, § 1920 provides for return of the child to the parent: "Where any petitioner in an Indian child custody proceeding before a State court has improperly removed the child from custody of the parent ... the court shall decline jurisdiction over such petition and shall forthwith return the child to his parent...." ICWA, 25 U.S.C. § 1920.

The minor plaintiffs are no longer in foster care. At the time the complaint was filed, they were in the care of their mother. Thus even if the children were improperly removed from their parent, no relief could be provided because the children have already been returned to the care of their parent.

■ "An Indian tribe shall have jurisdiction exclusive as to any State over any child custody proceeding involving an Indian child who resides or is domiciled within the reservation of such tribe, except where such jurisdiction is otherwise vested in the State by existing Federal law." ICWA, 25 U.S.C. § 1911. The ICWA does not divest state courts of their jurisdiction over children of Indian descent living off the reservation. *Kiowa Tribe of Oklahoma v. Lewis*, 777 F.2d 587 (10th Cir.1985), *cert. denied* 479 U.S. 872, 107 S.Ct. 247, 93 L.Ed.2d 171 (1986).

"In any State court proceeding for the foster care placement of, or termination of parental rights to, an Indian child not domiciled or residing within the reservation of the Indian child's tribe, the court, in absence of good cause to the contrary, shall transfer such proceedings to the jurisdiction of the tribe, absent objection by either parent, upon the petition of either parent or the Indian custodian or the Indian child's tribe." ICWA, 25 U.S.C. § 1911.

The plaintiffs do not allege that the State court was ever petitioned to transfer jurisdiction to the tribe. The State court, would thus have had proper jurisdiction over the Indian children who were not domiciled or residing on an Indian reservation. These claims will be therefore dismissed with prejudice.

Punitive Damages

■ Plaintiffs allege claims for punitive damages in the first twelve counts of the complaint. Punitive damages in § 1983 actions are appropriate where a defendant's conduct is motivated by evil intent or involves callous or reckless indifference to federally protected rights. *Smith v. Wade*, 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983); *H.C. by Hewett v. Jarrard*, 786 F.2d 1080 (11th Cir.1986).

■ Under Florida Statutes, § 768.72, the plaintiff cannot bring a claim for punitive damages unless there is record evidence of a basis for such a claim. Florida Statutes § 768.72 is substantive and can be applied by Federal District Courts. *Marcus v. Carrasquillo*, 782 F.Supp. 593 (M.D.Fla.1992). These plaintiffs have not produced any record evidence and all claims for punitive damages are dismissed.

Personal Injury

The claim for personal injury is a state law claim. All federal claims in this case have been dismissed and this Court will not retain pendant jurisdiction over a state claim in the absence of federally cognizable claims. Accordingly it is

**ORDERED** that all motions to dismiss, as to all counts be, **GRANTED** and insofar as a claim is not dismissed with prejudice: the plaintiffs **SHALL HAVE** ten (10) days from the date of this order to file an amended complaint or have the case dismissed entirely. It is further

**ORDERED** 1. That these defendants' are dismissed with prejudice: The State of Florida, Florida Department of Health and Reha-

bilitative Services, Suncoast Child Protection Team, Coordinated Child Care, Douglas Bonar, Susan Adjar, Pat Wilson, Woodley Fletcher, Lori Fletcher, Sidney Fletcher, and Deedre Fletcher.

2. That these claims are dismissed with prejudice: violation of rights under the ICWA, 25 U.S.C. §§ 1901–1923 and the claim for injunctive relief for racial discrimination.

3. That these defendants are dismissed without prejudice and with leave to amend: HRS employees Jill Casey, Karen Galinsky, Joe Hanzel, Sandra Rivett and Linda McCartor.

4. That these claims are dismissed without prejudice and with leave to amend: violation of civil rights under 42 U.S.C. § 1983; violation of civil rights under § 1985; violation of due process under the United States Constitution, Amendment XIV; and pendant state claims.

**DONE AND ORDERED.**